UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THINGEE CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>THINGE LLC and JEREMY PATCHES,<br><br>Defendants. | Civil Action No. |

**VERIFIED COMPLAINT AND JURY DEMAND**

Andrew B. Smith, Esq.
**SMITH + SCHWARTZSTEIN LLC**
71 Maple Ave.
Morristown, NJ 07960
(973) 206-1725 (phone)
(973) 794-2589 (fax)
Attorneys for Plaintiff

- 2 -

Plaintiff, Thingee Corporation ("Plaintiff"), by way of Verified Complaint against the Defendants Thinge LLC and Jeremy Patches (collectively "Defendants"), allege as follows:

## THE PARTIES

1. Plaintiff Thingee Corporation is a New Jersey corporation with a registered office at 1719 Route 10, Suite, 120, Parsippany, New Jersey 07054.

2. Upon information and belief, Thinge LLC is a Kentucky limited liability company with offices at 116 Neel Lane, Georgetown, KY 40324.

3. Upon information and belief Defendant Jeremy Patches is the founder and sole owner of Thinge LLC with a residence at 116 Neel Lane, Georgetown, KY 40324.

## THE NATURE OF THE ACTION

4. In this action, Plaintiff seeks an injunction preventing Defendants from using the mark, Thinge, in connection with its business, including sales, marketing and advertising, it's business of the "internet of things" and/or any business related to software development.

5. Plaintiff will further seek monetary damages from Defendants for the trademark infringement under the Lanham Act 15 U.S.C. § 1114(1) including

Defendants' profits, any damages sustained by Plaintiff, the costs of this action, attorneys' fees and costs, interest, and punitive damages as a result of Defendants' infringement on Plaintiff's registered trademark.

6. Plaintiff will further seek monetary damages for unfair competition pursuant to 15 U.S.C. § 1125(a)(1).

7. Plaintiff will further seek monetary damages for common law trademark infringement by Defendants in its use of Plaintiff's service mark.

8. Plaintiff is a New Jersey corporation filing this complaint under federal law, and there is diversity, therefore, jurisdiction in the federal courts, District of New Jersey is proper.

9. Plaintiff's mark "Thingee" was registered with the United States Patent and Trademark Office on February 22, 2005 in the categories of goods and services pertaining to computer software development and computer graphic, registration number 2928144. A true and accurate copy of the registration is attached hereto as Exhibit A.

10. Plaintiffs chose this mark for its purely arbitrary and fanciful nature and it is not descriptive of Plaintiff's services.

11. The Plaintiff's mark "Thingee" was first used in commerce on January 5, 2004 and has been used continually by Plaintiffs through the current date both in

online and print advertising and marketing. Plaintiff conducts business with customers in various geographic locations throughout the United States.

12. Plaintiff is in the business of designing and developing digital software solutions to help life science companies educate their customers about the latest products and technologies. In addition, Plaintiff develops platforms, cloud-based content management solutions, custom enterprise iPad and iPhone applications, web application development services and digital media support services.

13. This action arises out of the Defendants use of the infringing trademark "Thinge" (hereinafter "Infringing Mark") in its company name, marketing materials and advertising endeavors. "Thinge" claims to develop products and technologies in the "internet of things." By definition the "internet of things" ("IoT") is the "interconnection of uniquely identifiable embedded computing device within the existing internet infrastructure. Typically it goes beyond machine to machine communications and covers a variety of protocols, domains and applications."

14. The difference between Plaintiff's mark "Thingee" and Defendants mark "Thinge" is only one letter, and the two marks are very similar in spelling and presentation.

15. Plaintiff first noticed the use of the mark "Thinge" by Defendants on the social media platform, LinkedIn, and the company page was connected to the

LinkedIn page for defendant Jeremy Patches. Based on all knowledge and belief, Jeremy Patches is the founder of "Thinge".

16. Defendants deliberately chose to use this name to appropriate the goodwill of Plaintiff and to attempt to deceive the public.

17. Upon learning of the Infringing Mark, Plaintiff's counsel sent a cease and desist letter to Defendant on January 28, 2015 requesting that Defendants immediately cease and desist in their use of the Infringing Mark.

18. Defendants' counsel responded on February 4, 2015 by stating that Defendants would continue to use the mark.

19. Plaintiff's counsel again contacted Defendants' counsel by phone and email in September 2015 requesting that Defendants cease and desist in their use of the Infringing Mark, but Defendants continue to use the Infringing Mark.

20. Plaintiff's customers have contacted them expressing confusion as to Plaintiff's website and Defendants' website.

21. Defendants' use of the Infringing Mark "Thinge" has diverted and has the potential to divert future customers away from Plaintiff to Defendants causing Plaintiff monetary harm.

22. Therefore, Plaintiff seeks an injunction to enjoin the Defendants from using the Infringing Mark in commerce and Plaintiff seeks monetary damages.

## FIRST CAUSE OF ACTION
### (Injunction)

23. Plaintiff repeats and realleges each and every allegation in every paragraph above as if set forth at length herein.

24. Defendants began using the trademark "Thinge" and marketing and selling their services on websites and through other various commercial channels in violation of the Lanham Act 15 U.S.C. § 1117(a) (the "Lanham Act") at least as early as January 2015.

25. Defendants' use of the trademark "Thinge" is creating confusion in the marketplace to the detriment of Plaintiff and is diminishing Plaintiff's good will with its customers.

26. These actions are in violation of the Lanham Act, and Plaintiff is entitled to an injunction against the use of its trademark.

27. These actions have caused and continue to cause Plaintiff irreparable harm.

**WHEREFORE,** Plaintiff respectfully demands an order:

A. Ordering Defendants to immediately cease from marketing, selling or advertising services by using the Infringing Mark "Thinge".

B. Ordering Defendants to immediately stop contacting prospective business partners, either online, telephonically, by writing, email or text or other electronic communication, in connection with its business.

C. Ordering an accounting of Defendants' profits.

D. Requiring Defendants to pay Plaintiffs' costs and attorneys' fees incurred in prosecuting this action; and

E. Awarding such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Trademark Infringement Violation of the Lanham At 15 U.S.C. § 1111)

28. Plaintiff repeats and realleges each and every allegation in every paragraph above as if set forth at length herein.

29. Defendants began using the trademark "Thinge" and marketing and selling their services on websites and through other various commercial channels in violation of the Lanham Act 15 U.S.C. § 1111 at least as early as January 2015.

30. Defendants' use of the trademark "Thinge" is creating confusion in the marketplace to the detriment of Plaintiff and is diminishing Plaintiff's good will with its customers.

31. These actions have caused and continue to cause Plaintiff harm.

**WHEREFORE**, Plaintiff demands judgment in its favor against Defendants, awarding it damages, including incidental and consequential damages, delay damages, lawful pre-judgment interest, costs of suit, attorneys' fees, and punitive damages.

## THIRD CAUSE OF ACTION
### (Unfair Competition Pursuant to 15 U.S.C. § 1125(a)(1))

32. Plaintiff repeats and realleges each and every allegation in every paragraph above as if set forth at length herein.

33. Plaintiff has a registered trademark with the United States Patent and Trademark Office.

34. Plaintiff owns the registered trademark and has used it continually since its registration throughout the United States.

35. The Defendants trademark "Thinge" is confusingly similar to Plaintiff's mark, "Thingee", because only one letter differentiates the two marks.

36. The Defendants use their trademark to market goods and services that are very similar, if not identical, to those of Plaintiff.

37. Plaintiff's customers have complained to Plaintiff regarding their confusion.

38. Defendants' actions are in violation of 15 U.S.C. § 1125(a)(1) and unfair competition.

39. Plaintiff has been damaged by Defendants' actions.

**WHEREFORE**, Plaintiff demands judgment in its favor against Defendants, awarding it damages, including incidental and consequential damages,

delay damages, lawful pre-judgment interest, costs of suit, attorneys' fees, and punitive damages.

### FOURTH CAUSE OF ACTION
#### (New Jersey Law Trademark Infringement)

40. Plaintiff repeats and realleges each and every allegation in every paragraph above as if set forth at length herein.

41. Defendants purposefully used a similar name and trademark to Plaintiff to confuse the consumers in the marketplace.

42. Defendants' use of the name and trademark "Thinge" to market their services and products was in direct competition to the service and products that Plaintiff sells throughout New Jersey.

43. The Defendants' actions have caused the Plaintiffs harm.

**WHEREFORE**, Plaintiff demands judgment in its favor against Defendant, awarding it damages, including incidental and consequential damages, delay damages, lawful pre-judgment interest, costs of suit, attorneys' fees, and punitive damages.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

44. Plaintiffs repeat and reallege each and every allegation in every paragraph above as if set forth at length herein.

45. Defendants used an almost identical trademark to Plaintiff's Trademark to cause confusion in the marketplace and for their own financial gain.

46. Defendants have been marketing and selling their similar services and products to Plaintiff using such trademark.

47. The Defendants have been unjustly enriched by their use of the infringing trademark.

**WHEREFORE**, Plaintiff demands judgment in its favor against Defendants, jointly and severally, awarding them damages, including incidental and consequential damages, delay damages, lawful pre-judgment interest, costs of suit, attorneys' fees, and punitive damages.

SMITH + SCHWARTZSTEIN LLC
Attorneys for Plaintiff, Thingee Corporation

By: _____
Andrew Smith

Dated:

## VERIFICATION

I, JEFF BROMLEY, am an employee of Thingee Corporaion, Plaintiff in the within matter. I have read this Verified Complaint and the allegations it contains. The allegations contained in the Verified Complaint are true to the best of my personal knowledge and belief, except as to those allegations which are made upon information and belief. As to the allegations made upon information and belief, I believe those to be true.

I verify under penalty of perjury that the foregoing statements made by me are true and correct.

Executed on    March 15th, 2016

_____
JEFF BROMLEY

- 11 -

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

SMITH + SCHWARTZSTEIN LLC
*Attorney for Plaintiff*
*Thingee Corporation*

By: _____
Andrew B. Smith

Dated: